UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GARBARINI,<br><br>          Plaintiff,<br><br>     v.<br><br>WAYNE ULIT, et al.,<br><br>          Defendants. | Case No.: 1:14-cv-01058-AWI-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION TO DISMISS WITH THE EXCEPTION OF DISMISSAL OF THE CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY FOR MONETARY DAMAGES<br><br>[ECF Nos. 14, 31] |

Plaintiff Ralph Garbarini is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 7, 2015, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed objections on May 20, 2015,[1] and Defendants filed a response on June 2, 2015. Local Rule 304(b), (d).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

---

[1] Plaintiff subsequently filed a verbatim copy of the objections on June 1, 2015. (ECF No. 33.)

1

As stated in the Findings and Recommendations, the Eleventh Amendment bars Plaintiff's claims for damages against the named Defendants in their official capacities. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996).  State officers acting in their official capacities receive the same immunity as the government agency that employs them. Hafer v. Melo, 502 U.S. 21 (1991).  Thus, a state prison officials sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity. As correctly stated in the Findings and Recommendations, Defendants Ulit, Smith, Moon and Wang are immune from suit for monetary damages in their official capacities under the Eleventh Amendment and their motion to dismiss such claim is granted.

However, as Plaintiff points out in his objections, Plaintiff's also seeks liability against Defendants Ulit, Smith, Moon and Wang in their official capacity for injunctive relief. *See* Complaint at pgs. 2-3, 21.[2] The Eleventh Amendment does not provide immunity for claims seeking prospective relief to remedy constitutional violations against state employees in their official capacities. See Armstrong v. Exceptional Child Center, Inc., --- U.S. ----, 135 S.Ct. 1378, 1384 (2015); Will v. Michigan Dept of State Police, 491 U.S. 58, 89-90 (1989); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Plaintiff's claim for prospective relief against the Defendants in their official capacities will not be dismissed from the action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on May 7, 2015, is adopted in part as follows:
    a. Defendants' motion to dismiss for failure to state a cognizable claim for relief is DENIED;
    b. Defendants' motion to dismiss based on qualified immunity is DENIED;
    c. Defendants' motion to dismiss Plaintiff's claims against Defendants Ulit, Smith, Moon and Wang in their official capacity for *monetary damages* is GRANTED and those

---

[2] Because Plaintiff is a pro se litigant, his filings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Plaintiff prayer for injunctive relief supports the construction of the claim against Defendants Ulit, Smith, Moon and Wang at least in part as an official capacity claim.

portions of Plaintiff's claims are DISMISSED; the action may proceed against these Defendants in their official capacity for injunctive relief; and

2. Within twenty-one (21) days from the date of service of this order, Defendants shall file a response to Plaintiff's motion for partial summary judgment filed March 30, 2015.

IT IS SO ORDERED.

Dated:  June 25, 2015

_____
SENIOR DISTRICT JUDGE

3