1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  RALPH GARBARINI,                    )   Case No.: 1:14-cv-01058-AWI-SAB (PC)
                                        )
12                  Plaintiff,          )
                                        )   ORDER DENYING, WITHOUT PREJUDICE,
13         v.                           )   PLAINTIFF'S MOTION FOR APPOINTMENT
                                        )   OF COUNSEL
14  WAYNE ULIT, et al.,                 )
                                        )   [ECF No. 64]
15                  Defendants.         )
                                        )
16  _____    )

17         Plaintiff Ralph Garbarini is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19         On January 13, 2016, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 64.)

20         There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d

21  1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to

22  28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

23  U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the

24  voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

25  ///

26  ///

27  ///

28  ///

                                        1

1        Without a reasonable method of securing and compensating counsel, the court will seek

2   volunteer counsel only in the most serious and exceptional cases.  In determining whether

3   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

4   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

5   legal issues involved."  Id.  (internal quotation marks and citations omitted).

6        In the present case, the Court does find that neither the interests of justice nor exceptional

7   circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th

8   Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  This action is proceeding against

9   Defendants Doctors Ulit, Smith, Moon, and Wang for deliberate indifference to a serious medical

10  need.  Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action.  (ECF

11  No. 64.)

12       While a pro se litigant may be better served with the assistance of counsel, so long as a pro se

13  litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative

14  complexity of the matter," the "exceptional circumstances" which might require the appointment of

15  counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28

16  U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

17  "may well have fared better-particularly in the realm of discovery and the securing of expert

18  testimony.")  Plaintiff has been able to articulate his claims in his first amended complaint, and has

19  filed a motion for summary judgment on the merits.  (ECF Nos. 50, 59.)  The Court finds that

20  Plaintiff's arguments relating to the need to conduct discovery, including deposing each of the

21  Defendants is not exceptional circumstances warranting the appointment of counsel at this time.  See

22  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting that, "if all that was required to

23  establish successfully the complexity of the relevant issues was a demonstration of the need for

24  development of further facts, practically all cases would involve complex legal issues.")  In addition,

25  circumstances common to almost all prisoners such as limited knowledge of the law and lack of funds

26  to hire counsel do not establish exceptional circumstances that would warrant a request for voluntary

27  ///

28  ///

2

1   assistance of counsel.  Accordingly, Plaintiff motion for appointment of counsel is DENIED, without

2   prejudice.

3

4   IT IS SO ORDERED.

5   Dated:   __**January 14, 2016**__

6                                                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3