UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GARBARINI,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYNE ULIT, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01058-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 78] |

Plaintiff Ralph Garbarini is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed June 13, 2016. Defendants filed an opposition on August 8, 2016, and Plaintiff filed a reply on August 18, 2016.

**I.**

**DISCUSSION**

**A.    Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 251; ECF No. 55, Discovery and Scheduling Order, ¶4. Further, where

1

1  otherwise discoverable information would pose a threat to the safety and security of the prison or
2  infringe upon a protected privacy interest, a need may arise for the Court to balance interests in
3  determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.
4  Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and
5  language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of
6  Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of
7  Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy
8  that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012
9  WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable
10 information may be accommodated in ways which mitigate institutional safety concerns); Robinson v.
11 Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012)
12 (issuing protective order regarding documents containing information which implicated the safety and
13 security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal.
14 Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to
15 risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No.
16 CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring
17 defendants to submit withheld documents for in camera review or move for a protective order).

18      However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The
19 discovery process is subject to the overriding limitation of good faith, and callous disregard of
20 discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d
21 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery
22 regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to
23 the needs of the case, considering the importance of the issues at stake in the action, the amount in
24 controversy, the parties' relative access to relevant information, the parties' resources, the importance
25 of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery
26 outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

27      Generally, if the responding party objects to a discovery request, the party moving to compel
28 bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV

2

1  S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at
2  *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis
3  v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
4  This requires the moving party to inform the Court which discovery requests are the subject of the
5  motion to compel, and, for each disputed response, why the information sought is relevant and why
6  the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack,
7  2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.
8  However, the Court is vested with broad discretion to manage discovery and notwithstanding these
9  procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the
10 Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d
11 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.
12 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

13      **B.**    **Plaintiff's Motion to Compel**

14     Plaintiff moves to compel Defendants to produce for inspection and copying his Unit Health
15 Records.

16     Defendants oppose Plaintiff's motion because it is procedurally deficient and Plaintiff failed to
17 serve a valid discovery request for such documentation.

18     In response, Plaintiff contends that he properly served Defendants with a discovery request on
19 March 3, 2016.

20     Plaintiff's motion is procedurally defective because he failed to attach the discovery requests at
21 issue or the Defendants' responses which he contends are inadequate.  As previously noted, the
22 moving party bears the burden of informing the court which discovery requests are the subject of the
23 motion to compel, which responses are disputed, why the defendant's responses are deficient or its
24 objections not justified, and why the information sought is relevant to the prosecution of the action.
25 See Christ v. Blackwell, No. CIV-S-10-0760, 2011 WL 3847165, at *2 (E.D. Cal. Aug. 30, 2011);
26 Ellis v. Cambra, No. 1:02-CV-05646, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  To satisfy
27 the burden, Plaintiff must provide a copy of the propounded request, as well as the disputed responses,
28

and objections.  Roberts v. Cate, No. 2:08-cv-2624, 2011 WL 4405821, at *1 (E.D. Cal. Sept. 22, 2011); Nelson v. Runnels, No. CIV S-06-1289, 2009 WL 211052, at *8 (E.D. Cal. Jan. 28, 2009).

In this instance, Plaintiff sets forth his requests and responses directed to a non-party, California State Prison, Corcoran's (CSP-COR) medical records department seeking review of his electronic unit health record.  (ECF No. 78, Mot. at 3-7.)  Plaintiff also submits a declaration and attaches what he contends is a request for production of documents that was submitted to the Defendants.  Plaintiff argues that CSP COR's medical records department "has repeatedly failed to provide Plaintiff with access to his Unit Health Records" and failed to comply with certain California Code of Regulations sections and the Information Practice[s] Act.  (Id. at 21:12-16.)  Plaintiff argues that his personal Unit Health Records are "highly relevant to his claims" and the material should be produced.

Defendants submit that defense counsel sent Plaintiff a letter dated April 11, 2016, in response to a telephone conversation between counsel and Plaintiff on March 11, 2016, where they discussed Plaintiff's March 3, 2016, request for production of documents.

Defense counsel specifically stated the following:

> This letter serves to confirm our phone conversation on March 11, 2016, wherein we discussed your March 3, 2016 request for production of documents.  You explained to me that this request does not require my clients to produce documents to you, but rather, serves to notify the Court and myself that one of your previous requests for copies of your Unit Health Records has been denied.  You also informed me that you recently sent another request to review your medical records.  I also received your March 22, 2016 letter regarding the status of your requests for your records.
>
> I contacted the Litigation Office at Corcoran to inquire about your document requests.  The attached documents indicate that you reviewed your medical records on January 14, 2016, and received requested medical records on February 2, 2016.  The Litigation Office also told me that you have been informed that the prison is unable to show you the electronic version of your records; however, if you provide a date range in your request, the medical records will be copied and provided to you at no cost.  The attached Form 22 demonstrates you refused this service, and continue to insist on reviewing your records electronically.
>
> California Code of Regulations, Title 15, section 3370, subdivision (c) dictates that inmates may review their own unit health records; however, it does not require that the review be done on a computer.  Indeed, the Regulations state that the review of your medical records may be done in the presence of staff and "*may* necessitate the use of a computer."

> You have readily available access to your Unit Health records, and a good faith effort is being made by the institution to provide documents to you. As you have been told, you may provide a date range of medical records you would like to review, and a copy will be provided at no cost.
>
> Lastly, your March 22, 2016 letter requests that my clients make your entire Unit Health Record available to you for review. But your informal request does not comply with the rules governing discovery, which requires that your request "describe with reasonable particularity each item or category of items to be inspected." Moreover, the Federal Rules of Civil Procedure define the scope of discovery as "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the entire Unit Health Record seeks irrelevant materials; is overbroad given the needs of the case; and it is unduly burdensome in light of your access to the same information at your institution. If you narrow your requests, and properly serve them, we will respond to your request consistent with the Federal Rules of Civil Procedure.

(ECF No. 82, Opp'n at Ex. A.) Plaintiff fails to provide a copy of a proper request for production of documents that was served upon Defendants, and fails to acknowledge or address defense counsel's April 11, 2016, letter. Yet, Plaintiff contends that the CSP-COR medical records department has "failed to provide Plaintiff with access to his Unit Health Records for inspection and copying." Plaintiff simply cannot file a motion to compel production of documents that he has not properly requested from Defendants directly. Furthermore, although Plaintiff is entitled to access to the Unit Health Record, there is no requirement that CSP-COR provide unfettered access to his entire electronic unit health records. Indeed, it is clear that Defendants advised Plaintiff to narrow his requests and properly serve them with such request, and there is no evidence that Plaintiff did so. Accordingly, Plaintiff's motion to compel must be denied.

///
///
///
///
///
///
///

**II.**

**ORDER**

Based on the foregoing, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated: **August 24, 2016**

UNITED STATES MAGISTRATE JUDGE