UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GARBARINI,<br><br>  Plaintiff,<br><br>  v.<br><br>WAYNE ULIT, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-01058-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT WANG'S MOTION FOR SUMMARY JUDGMENT BE DENIED FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 68] |

Plaintiff Ralph Garbarini is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant Wang's motion for summary judgment for failure to exhaust the administrative remedies, filed March 8, 2016.

**I.**

**RELEVANT HISTORY**

This action proceeds against Defendants against W. Ulit, J. Moon, D. Smith, and J. Wang for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on December 7, 2015. On December 9, 2015, the Court issued the discovery and scheduling order.

On December 21, 2015, Plaintiff filed a motion for summary judgment. Plaintiff's motion was denied in its entirety on June 1, 2016. (ECF Nos. 70, 77.)

On March 8, 2016, Defendant Dr. Wang filed the instant motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 68.) Plaintiff filed an opposition on March 28, 2016, and Defendant filed a reply on April 4, 2016. (ECF Nos. 71, 72.) Thus, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

On October 17, 2016, the Court granted Defendants' request to extend the dispositive motion deadline to thirty days following the final ruling on the instant motion for summary judgment. (ECF No. 89.)

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for

2

1  dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce
2  evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only
3  if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to
4  exhaust. Id.

5      **B.**    **Summary Judgment Standard**

6  Any party may move for summary judgment, and the Court shall grant summary judgment if
7  the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
8  judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at
9  1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,
10 whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of
11 materials in the record, including but not limited to depositions, documents, declarations, or discovery;
12 or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or
13 that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.
14 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to
15 by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco
16 Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609
17 F.3d 1011, 1017 (9th Cir. 2010).

18 The defendants bear the burden of proof in moving for summary judgment for failure to
19 exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative
20 remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants
21 carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence
22 showing that there is something in his particular case that made the existing and generally available
23 administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in
24 the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary
25 judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment
26 should be denied, and the district judge rather than a jury should determine the facts." Id.

27 ///
28 ///

# III.

# DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). In 2009, the timeline for submitting inmate appeals fifteen working days, not thirty days. Cal. Code Regs. tit. 15, § 3084.6(c) (2009). Inmates appeals must be submitted timely, and an appeal may be rejected when the "time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints." Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

With regard to Defendant Dr. Wang (the only Defendant moving for summary judgment in the instant motion), Plaintiff contends that on January 14, 2014, Dr. Jeffrey Wang approved a pain committee recommendation that denied Plaintiff's request for appropriate narcotic pain medications for Plaintiff's severe chronic pain caused by a massive tendon tear in Plaintiff's right rotator cuff. Dr. Wang had actual knowledge of Plaintiff's serious medical need and refused to provide effective treatment for his serious medical need. Dr. Wang was also deliberately indifferent to Plaintiff's serious medical needs when he denied Healthcare Appeal Log number 1305558 on February 6, 2014, and Healthcare Appeal Log number 13054741 on February 19, 2014.

### C. Defendant's Motion

Defendant Dr. Wang argues that the undisputed evidence shows that Plaintiff failed to exhaust the administrative remedies against Dr. Wang prior to filing his first amended complaint, and summary judgment is appropriate.

**D.     Plaintiff's Opposition**

Plaintiff argues that Dr. Wang acted deliberately indifferent to Plaintiff's serious medical needs when he denied the two healthcare appeals and denied narcotic pain medication on January 14, 2014, which was grieved during the administrative appeals process.

**E.     Defendant's Reply**

Defendant argues that although Plaintiff opposed the motion for summary judgment, he failed to meet his burden because he does not dispute that he failed to submit any grievances regarding his allegations against Dr. Wang, and summary judgment is warranted.

**F.     Findings on Motion**

The Court finds that Plaintiff exhausted the administrative remedies with respect to his deliberate indifference claims against Defendant Dr. Wang.

In appeal log number COR HC 13054558, Plaintiff sought pain medication be reinstated to help alleviate unnecessary suffering associated with his severe chronic right shoulder, lower back and right knee pain.  The appeal was denied at the second level review by Defendant Dr. Wang.  (Opp'n, Ex. A17, ECF No. 71.)  The appeal was denied at the third level of review on May 18, 2014, based, in relevant part, as follows:

> Documentation is supportive of you receiving Primary Care Provider (PCP) evaluation and treatment as determined medically indicated for your appeal issues.  You received PCP follow-up evaluation and treatment related to your chronic pain up to May 5, 2014.
>
> Records indicate you have refused recommended physical therapy services and physical examination regarding your chronic pain.
>
> You were seen by your PCP on February 18, 2014, where the pain management committee recommendation for non-narcotic analgesics was discussed with you.
>
> Your CDCR 7410, Comprehensive Accommodations Chrono dated May 7, 2014, authorizes you a bottom bunk, right knee brace, and physical limitations to job assignments.
>
> Your pharmacy profile indicates you are prescribed ibuprofen for pain management as of May 16, 2014.
>
> You will continue to be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis, and recommended treatment plan, in accordance with appropriate policies and procedures.

(Id.)

In appeal log number COR HC 13054741, Plaintiff requested effective medical care for his torn right rotator cuff. The appeal was denied was partially granted at the second level review by Defendant Dr. Wang. (Id., Ex. A20.) The appeal was denied at the third level of review, as follows:

> Documentation is supportive of you receiving Primary Care Provider (PCP) evaluation and treatment as determined medically indicated for your appeal issues. You received PCP follow-up evaluation and treatment related to your rotator cuff surgery to May 27, 2014.
>
> You were seen by Physical Therapy on November 27, 2013, where you were provided instruction in exercises to perform in your cell.
>
> You received orthopedic follow-up care regarding your rotator cuff surgery on October 11, 2013, where recommendations were to follow up as needed.
>
> Your case was evaluated by the Pain Management Committee on January 14, 2014. On May 5, 2014, a CDCR 128-C3, Medical Classification Chrono was completed to indicate limited duty. In addition, a CDCR 7410, Comprehensive Accommodation Chrono was issued on May 7, 2014, for bottom bunk, waist chains and physical imitations to job assignments.

(Id., Ex. A20.)

The primary purpose of the grievance system is to provide prison officials with a "fair opportunity to correct their own errors." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016); see also Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). In Reyes, the prisoner plaintiff filed an inmate grievance complaining of changes to his pain medication regimen. Reyes, 810 F.3d at 655-656. After exhausting his available remedies by proceeding through California's three-level inmate grievance appeal process, plaintiff filed a § 1983 action naming a number of prison officials as defendants, including two doctors not previously named in his inmate grievance. Id. at 656. The Ninth Circuit, reversing the district court's order dismissing plaintiff's claims against the two doctors explained, in relevant part, as follows:

> The California prison grievance system has three levels of review; and inmate exhausts administrative remedies by obtaining a decision at each level. Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 65 F.3d 681, 683 (9th Cir. 2010). It is uncontested that Reyes obtained a decision at all three levels. The issue is whether he nevertheless failed to exhaust administrative remedies because his grievance did not name all staff members involved in his case. See Cal. Code Regs. tit. 15, § 3084.2(a) (2015).

…

6

> When prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed.  Dismissing the inmate's claim for failure to exhaust under these circumstances does not advance the statutory goal of avoiding unnecessary interference in prison administration.  Rather, it prevents the courts from considering a claim that has already been fully vetted within the prison system.
>
> …
>
> [A] prisoner exhausts "such administrative remedies as are available," 42 U.S.C. § 1997e(a), under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process.

Id. at 657-658.

Thus, under Reyes, a procedural error does not always prevent a plaintiff from exhausting the administrative remedies, if the description of the issue in the appeal is sufficient to put the prison on notice of his claims for purposes of exhaustion and the appeal is addressed and fully exhausted on the merits.  Taking into consideration the primary purpose of exhaustion, it is clear that Plaintiff grieved the fact that pain committee of which Defendant Dr. Wang was a member denied his request for appropriate medication, and that Dr. Wang improperly denied him medical treatment by way of denial of his inmate grievances.  Because prison officials reviewed and decided Plaintiff's inmate grievances in appeal log numbers COR HC 13054558 and COR HC 13054741 at every level of the administrative process on the merits, the Ninth Circuit held in Reyes that the plaintiff had adequately exhausted all of his administrative remedies prior to bringing suit as required under the PLRA even though his inmate grievance did not name all prison staff members involved in his case. Id.  Here, as in Reyes, Defendant Dr. Wang's involvement in the alleged constitutional violation relating to improper medical treatment was equally plain to prison officials, because he reviewed and decided the merits of Plaintiff's appeals at the second level review and was a member of the pain management committee who denied narcotic pain medication on January 14, 2014.  (Opp'n Exs. A17 & A20.)  Defendant cannot simply overlook the grievances that Plaintiff filed and the responses thereto, and argue that Plaintiff conceded he failed to exhaust.  Indeed, it is Defendant who bears the initial and ultimate

burden of proof as to exhaustion of the administrative remedies.  Albino, 747 F.3d at 1172.  Accordingly, Defendant Dr. Wang's motion for summary judgment should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Dr. Wang's motion for summary judgment for failure to exhaust the administrative remedies be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **October 31, 2016**

UNITED STATES MAGISTRATE JUDGE

8