**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RALPH GARBARINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAYNE ULIT, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-1058-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANT DR. WANG'S MOTION FOR SUMMARY, DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER, AND DENYING PLAINTIFF'S MOTION FOR TIMELY RULING<br><br>[ECF Nos. 68, 90, 120] |

Plaintiff Ralph Garbarini is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). On October 31, 2016, the Magistrate Judge filed a Findings and Recommendation ("F&R") that recommended denying Defendant Dr. Wang's motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies. The F&R was served on the parties and contained notice that objections were to be filed within thirty days. Defendant filed objections on November 30, 2016, and Plaintiff filed a reply on December 14, 2016.

In his objections, Dr. Wang contends that: (1) Plaintiff admitted he did not submit a grievance for his allegations Dr. Wang; (2) Plaintiff could not have exhausted his claims against Dr. Wang through other grievances because the relevant grievances pre-date Dr. Wang's alleged conduct; and (3) *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), which was heavily relied upon in the F&R, is inapposite to the facts in this case. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.

*Allegations & Claims Against Dr. Wang*

From Plaintiff's First Amended Complaint,[1] on October 25, 2013, Plaintiff filed Health Care Appeal No. 13054558 ("Grievance 558"), in which he requested that his pain medication be reinstated. See Doc. No. 50 at ¶ II(1) & Ex. A17.

On November 21, 2013, Plaintiff filed Health Care Appeal No. 1304741 ("Grievance 741") in which he requested effective medical care for a torn rotator cuff. See id. at ¶ II(2) & Ex. A20. Plaintiff also mentioned his severe chronic pain and other physicians' refusal to reinstate prior pain medication. See id. at Ex. A20.

On January 14, 2014, Dr. Wang reviewed and approved the prison Pain Management Committee's recommendation for treating Plaintiff's severe chronic pain. See id. at ¶ 42.[2] The course recommended by the pain committee was ineffective. See id. The pain committee's recommendation was to not treat Plaintiff with narcotic/opioid medications. See id. at Exs. A17, A20.

On February 6, 2014, Dr. Wang denied Grievance 558 at the second level of appeal. See id. at ¶ 43. Dr. Wang denied the request to reinstate pain medication in order to effectively treat Plaintiff's chronic and severe pain. See id. The second level decision cited the pain committee's determination that opioids were denied. See id. at Ex. A17.

On February 19, 2014, Dr. Wang partially granted Grievance 741 at the second level of appeal. See id. at ¶ 44. However, the response failed to provide effective treatment for Plaintiff's severe chronic pain. See id. The response referenced the January 2014 recommendation of the pain committee, in which opioids were not recommended. See id. at Ex. A20.

On May 19, 2014, Grievance 558 was denied and exhausted at the third level of appeal. See Doc. No. 50 at ¶ II(1) & Ex. A17. As part of that decision, it was noted that the pain committee recommendation for non-narcotic analgesics had been discussed with Plaintiff. See id. at Ex. A17.

On June 9, 2014, Grievance 741 was denied and exhausted at the third level of appeal. See id.

---

[1] Because the First Amended Complaint is signed by Plaintiff under penalty of perjury and avers that the contents are true and correct, the Court considers it as an opposing affidavit. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

[2] Plaintiff has included a copy of the "Notification of Pain Committee Recommendation." See Doc. No. 50 at Ex. 22. The notification is signed by Dr. Wang. See id. Therefore, it appears that Dr. Wang is a member of the pain committee. See id.

at ¶ II(2) & Ex. A20.  As part of the decision, the January 2014 evaluation by the pain committee is referenced.  See id. at Ex. A20.

Plaintiff's Eighth Amendment claims against Dr. Wang are based on three actions:  (1) approving and implementing the pain committee's January 14, 2014 recommendations which did not effectively treat his pain; (2) denying Grievance 558 at the second level of appeal; and (3) denying Grievance 741 at the second level of appeal.

*Discussion*

Under the Prison Litigation Reform Act ("PLRA"), prisoners may not bring a lawsuit under federal law "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Thus, "exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court."  Jones v. Bock, 549 U.S. 199, 211 (2007).   The PLRA "requires an inmate not only to pursue every available step of the prison grievance process, but also to adhere to the 'critical procedural rules' of that process."[3]  Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (quoting Woodford v. Ngo, 548 U.S. 81, 90 (2006)).

In this case, there is no indication that Plaintiff filed a "stand alone grievance" against Dr. Wang.  In fact, Plaintiff admitted that he did not file a separate grievance against Dr. Wang for Dr. Wang's "pain committee decision."  See Garbarini Depo. at 52:22-53:9.  Further, Dr. Wang is not listed in Grievance 558 or Grievance 741.  Therefore, at first blush, it appears that any claims against Dr. Wang are unexhausted.  However, the Court agrees with the F&R that the Ninth Circuit's recent decision in *Reyes* has some application to this case.

In *Reyes*, prisoner Reyes complained about the discontinuation of pain medication.  See Reyes, 810 F.3d at 656.  Reyes had initially been prescribed a pain medication regimen that included morphine.  See id.  The regimen was prescribed by Dr. Hashimoto, and was approved by the prison's

---

[3] In *Draper v. Rosario*, 836 F.3d 1072, 1077 (9th Cir. 2016), the Ninth Circuit explained California's grievance procedures for inmates:  "[A] prisoner may administratively appeal 'any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.' Cal. Code Regs. tit. 15, § 3084.1. There is one informal level and three formal levels of review, although lower levels of review may be bypassed by administrators. To satisfy the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e(a), a prisoner is generally required to appeal the grievance and receive a decision at the third level of review. Cal. Code Regs. tit. 15, § 3084.1(b)."

Pain Management Committee, which included Drs. Smith and Heatley. See id. Four months later, Dr. Hashimoto told Reyes that Drs. Smith and Heatley had order that the pain medications be gradually reduced and ultimately discontinued. See id. Reyes filed a grievance that complained of the drastic changes to his medication regimen and that a nurse refused to prescribe anything but aspirin. See id. Dr. Hashimoto appears to have been the only person expressly named in the grievance. See Reyes v. Smith, 2013 U.S. Dist. LEXIS 101465, *7 (E.D. Cal. July 19, 2013). Reyes's grievance was denied at the third level of review. See Reyes, 810 F.3d at 656. At each level of review, the decision of the Pain Management Committee was cited and relied upon. See id. The prisoner filed a lawsuit against Drs. Smith and Heatley. See id. The district court granted Drs. Smith and Heatley's motion to dismiss for failure to exhaust administrative remedies, specifically because these doctors were not named in the grievance. See id. The Ninth Circuit reversed. See id. at 659. The Ninth Circuit acknowledged that the purpose of the exhaustion requirement is "to alert the prison to a problem and facilitate its resolution, not to lay the groundwork for litigation." Id. (quoting Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)). The Ninth Circuit relied on cases from other circuits and adopted the rule that a prisoner exhausts administrative remedies, despite failing to comply with a procedural bar, "if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." Id. at 658. The Ninth Circuit held that at each level of the administrative process, the decision of the Pain Management Committee was cited and relied upon by the reviewing official. See id. at 659. Because of the nature of Reyes's complaint, the identification and reliance by administrative reviewers on the Pain Management Committee's determinations, and Drs. Smith and Heatley's involvement with the prisoner's case and their membership on the Pain Management Committee, the prisoner's grievance adequately placed the prison on notice of the problem and was sufficient as to Drs. Smith and Heatley. See id.

    Here, in both of Plaintiff's grievances, Plaintiff identified severe chronic pain and noted decisions by other physicians that refused to reinstate the prior pain medications. In fact, Grievance 558 specifically requested that the prior pain medications be reinstated. The "grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Id. As long as the grievance alerts officials to the problem and provides

1  a fair opportunity to correct that problem, then the grievance meets the purposes of the PLRA.  See id.
2  at 657, 659.  It is clear that Plaintiff was complaining about the discontinuation of his prior pain
3  medications because his current medications were ineffective.  As of the second level of review, the
4  pain committee recommendation appears to have been a basis for not utilizing the prior regimen.
5  Prison officials *inter alia* cited and thus, relied on the pain committee recommendation in denying
6  reinstatement.  Citation and reliance on a pain committee determination is what occurred in *Reyes*.
7  Given the nature of the complaint, and the reliance by the reviewers on the pain committee
8  recommendation, pursuant to *Reyes* Plaintiff's grievances serve to exhaust claims against Dr. Wang
9  for his January 14, 2014 approval and implementation of the pain committee recommendation.  Cf. id.
10 Summary judgment in favor of Dr. Wang on this claim will be denied.

11         With respect to Plaintiff's claims that Dr. Wang violated the Eighth Amendment by denying
12 his grievances at the second level of appeal, the Court does not find that *Reyes* is factually on all fours
13 with this case.  In *Reyes*, the unnamed doctors played no role in the appeals process and their liability
14 was not based on any grievance review decisions.  See Reyes, 810 F.3d at 656.  In this case, two
15 theories of liability against Dr. Wang are based on his denial of Plaintiff's grievances at the second
16 levels of appeal.

17         Nevertheless, under certain circumstances an administrative appellate reviewer can be liable
18 under the Eighth Amendment.  See Peralta v. Dillard, 744 F.3d 1076, 1085-85 (9th Cir. 2014);
19 Steinocher v. Smith, 2015 U.S. Dist. LEXIS 33049, *5-*10 (E.D. Cal. Mar. 16, 2015).  Case law
20 within the Ninth Circuit has found that when a prisoner is grieving an on-going medical issue, a
21 decision at the third level of appeal serves to exhaust claims regarding that medical issue, including
22 claims against individuals who only acted as an administrative appellate reviewer.  See Ingram v.
23 Hamkar, 2015 U.S. Dist. LEXIS 11410, *15-*16 (E.D. Cal. Jan. 29, 2015); Gonzalez v. Ahmed, 67
24 F.Supp.3d 1145, 1153-54 (N.D. Cal. 2014); Lopez v. Florez, 2012 U.S. Dist. LEXIS 124541, *11-*12
25 (E.D. Cal. Aug. 30, 2012); Victory v. Barber, 2009 U.S. Dist. LEXIS 84782, *18-*32 (E.D. Cal. Sept.
26 16, 2009); Lewis v. Naku, 2007 U.S. Dist. LEXIS 77519, *13-*17 (E.D. Cal. Oct. 18, 2007).  This is
27 consistent with *Reyes* in that Reyes challenged the continued denial of certain pain medications
28 throughout the grievance appellate process.  See Reyes, 810 F.3d at 657-59.

Here, at each level of the grievances, Plaintiff complained about inadequate pain management, and Grievance 558 in particular requested the reinstatement of prior pain medication. Therefore, Plaintiff's grievances addressed an on-going medical issue and were exhausted as to Dr. Wang's denial of Plaintiff's second level appeals.[4] See Ingram, 2015 U.S. Dist. LEXIS 11410 at *15-*16; Gonzalez, 67 F.Supp.3d at 1153-54; Lopez, 2012 U.S. Dist. LEXIS 124541 at *11-*12; Victory, 2009 U.S. Dist. LEXIS 84782 at *18-*32; Lewis, 2007 U.S. Dist. LEXIS 77519 at *13-*17.

In sum, the failure of Plaintiff to file a separate grievance against Dr. Wang does not negate the effects of cases like *Reyes*, *Ingram*, *Gonzalez*, and *Victory* on the grievances that Plaintiff filed. Defendant's arguments do not show that Plaintiff actually failed to exhaust his administrative remedies. Therefore, the F&R correctly recommended denying Defendant's motion for summary judgment.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation filed on October 31, 2016 (Doc. No. 90) is adopted consistent with the above analysis;
2. Defendant Dr. Wang's motion for summary judgment (Doc. No. 68) is DENIED;
3. Plaintiff's motion for a timely rule (Doc. No. 120) is DENIED as moot;
4. Pursuant to the Order of October 17, 2016, Defendants have thirty (30) days from the date of service of this order to file a dispositive motion;
5. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: February 8, 2017

SENIOR DISTRICT JUDGE

---

[4] This analysis also applies to Plaintiff's claims against Dr. Wang regarding the January 2014 pain committee decision.